**Hardeep SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74154.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ann Carroll Varnon, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Hardeep Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals summarily affirming without opinion an immigration judge's ("IJ") order denying his

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. The IJ made an adverse credibility finding against Singh, which we review for substantial evidence. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). "So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [a petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Singh provided inconsistent testimony concerning his involvement in police abuses at his asylum interview as compared with his removal hearing. Singh's asylum interview took place under oath, with the aid of an interpreter, and the asylum officer testified at Singh's removal hearing based on his records of the asylum interview. *Cf. Jarnail Singh v. Gonzales*, 403 F.3d 1081, 1089–90 (9th Cir.2005) (listing these factors as providing "indicia of reliability" for an asylum interview as an impeachment source). The inconsistency relied upon by the IJ goes to the heart of Singh's asylum claim. *See de Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997).

By failing to qualify for asylum, Singh fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Singh is not entitled to CAT relief because he did not show that it is more likely than not that he would be tortured if re-

turned to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**